UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:19-cr-00094-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| HAROLD NERO, | |
| Defendant. | |

## INTRODUCTION

Before the Court is the Defendants' Request and Motion for Discovery of *Henthorn* and *Cadet* Materials. Dkt. 43. The Court has reviewed the motion, the supplemental memorandum (Dkt. 43-1; Dkt. 56), and the related motion from Defendant's prior counsel (Dkt. 35). For the following reasons, the Court will grant the motion.

## BACKGROUND

Defendant Harold Nero is charged with two counts of distribution of methamphetamine under § 21 U.S.C. 841(a)(1) and (b)(1)(C). Dkt. 1; Dkt. 2. The Government alleges that Nero was present during two controlled buys between a

confidential informant ("CI") and Lodaicy Teldeschi. The Government has already disclosed the CI's name to the Defense.

Through his prior counsel, Jeffrey Brownson, Nero filed a motion for discovery of the confidential informant files. Dkt. 35. Thereafter, Brownson and Assistant United States Attorney Christopher Booker agreed that Brownson could review the file in the U.S. Attorney's Office. Dkt. 37. If the case proceeded to trial, the parties agreed the Defense could use the file in presenting its case if needed. *Id.* Brownson reviewed the CI file in the Government's possession. *Id.*

Brownson has since withdrawn as Nero's counsel, and the Court appointed Andrew Parnes in his place. Dkt 47. Booker proposed that Parsons adhere to the above agreement, but opposed providing copies of the file to Nero. In the present motion, Nero asks the Court to order the Government to produce the CI file, and issue a protective order allowing Nero to review the CI file in his counsel's immediate presence. Dkt. 56 at 2.

Further, the present motion asks the Court to order the Government to produce the personnel files for Special Agent Jonathan Riggs, Detective Chad Hessman, and Detective Ryan Bonner. Dkt. 43-1 at 1.

## LEGAL STANDARD

Rule 16 of the Federal Rules of Criminal Procedure requires the government to allow a defendant to inspect and copy evidence within the government's

possession if:

    (i)    the item is material to preparing the defense;

    (ii)   the government intends to use the item in its case-in-chief at trial; or

    (ii)   the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

Similarly, a defendant has a right to the production of exculpatory evidence in the government's possession. *Brady v. Maryland*, 373 U.S. 83 (1963). The Government must "disclose information favorable to the defense that meets the appropriate standard of materiality" *United States v. Cadet*, 727 F.2d 1452, 1467–68 (9th Cir. 1984).

## ANALYSIS

### A.    Agent Personnel Files

The Defendant requests the personnel files of Detective Hessman, Special Agent Riggs, and Detective Bonner. Hessman supervised the Government's investigation and was responsible for the confidential informant in this case. Riggs applied for the search warrant of Teldeschi's home, and Bonner was the Government's sole witness before the grand jury in obtaining the indictment against Nero.

Booker informed the Defense via email on January 10, 2020, that the personnel files of these agents and detectives contained no relevant and

discoverable information, and declined to produce the files for the Defense. Dkt. 56 at 3. The Defendant contests the materiality determination made by the prosecution. *Id.*

When a defendant makes a demand for the production of the personnel files of testifying officers, the Government is obligated to examine the materials to assess their materiality. *United States v. Henthorn*, 931 F.2d 29, 31 (9th Cir. 1991). "If the prosecution is uncertain about the materiality of the information within its possession, it may submit the information to the trial court for an *in camera* inspection and evaluation." *Cadet*, 727 F.2d at 1467–68. If the files do not contain information material to the defendant's case, they need not be furnished to the defendant. *Henthorn*, 931 F.2d at 31.

Moreover, the Supreme Court "has long held the view that *in camera* review is a highly appropriate and useful means of dealing with claims of governmental privilege." *Kerr v. U.S. Dist. Court for N. Dist. of California*, 426 U.S. 394, 405–06 (1976) (finding that an *in camera* review of documents "is a relatively costless and eminently worthwhile method to ensure that the balance between petitioner's claims of irrelevance and privilege and plaintiffs' asserted need for the documents is correctly struck").

Considering Defendant's demand for the personnel files in this matter, and

the Government's determination that the none of the information in the files is

material to the Defendant's case, the Court will order the Government to produce

for the Court's *in camera* review the complete files of Detective Hessman, Special

Agent Riggs, and Detective Bonner.

### B.    Confidential Informant File

The Defendant also requests the confidential informant's file. Though the

Government has agreed to allow Defendant's counsel to review the materials in the

U.S. Attorney's office, the Defendant requests that the material be produced so that

he can review the information with his counsel.

The Government has a privilege to withhold from disclosure the identity of

persons who furnish information regarding violations of law. *Roviaro v. United

States*, 353 U.S. 53, 59 (1957). But that privilege is not absolute:

> Where the disclosure of an informer's identity, or of the contents of
> his communication, is relevant and helpful to the defense of an
> accused, or is essential to a fair determination of a cause, the privilege
> must give way. In these situations, the trial court may require
> disclosure and, if the Government withholds the information, dismiss
> the action.

*Id.* at 61.

The Ninth Circuit has articulated a three-prong balancing test to address

whether the disclosure of identifying information regarding an informant is

required: "(1) the degree of the informant's involvement in the criminal activity;

(2) the relationship between the defendant's asserted defense and the likely testimony of the informant; and (3) the Government's interest in non-disclosure." *United States v. Gonzalo Beltran*, 915 F.2d 487, 488–89 (9th Cir. 1990).

Here, the Government has already disclosed the identity of the informant. *See Roviaro v. United States*, 353 U.S. 53, 60 (1957) ("once the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable"). Any interest the Government retains in maintaining the confidentiality of the information contained in the informant's file is outweighed by the Defendant's interest in a fair trial. *See id.* Specifically, the Defendant has a strong interest in examining the confidential informant's credibility, as the informant is the sole in-person witness to the factual allegations that form the basis of the charges in this case.

Provided the foregoing, the Court will order the Government to produce to Defense counsel for physical review with Defendant all records related to the CI in this case. Such review shall be done by Defendant in his counsel's physical presence.  No copies of such records shall be made or given to Defendant.  Any record the Government believes is subject to *Brady/Giglio* must be provided to the Court for *ex-parte in camera* review.

## CONCLUSION

For the foregoing reasons, the Court will grant the Defendant's motion for

discovery.

## ORDER

1) Defendant's Request and Motion for Discovery of *Henthorn* and *Cadet*
   Materials (Dkt. 43) is **GRANTED**. The Government must produce for
   the Court's *in camera* review the complete files of Detective Hessman,
   Special Agent Riggs, and Detective Bonner. Such files must be produced
   on or before July 24, 2020.

2) The Government must produce all records related to the confidential
   informant to Defense counsel on or before July 24, 2020. Any review of
   such records by Defendant shall only take place in his counsel's
   immediate presence.  No copies of such records shall be made or given to
   Defendant.  Any record the Government believes is subject to
   *Brady/Giglio* must be provided to the Court for *ex-parte in camera*
   review on or before July 24, 2020.

DATED: July 21, 2020

B. Lynn Winmill
U.S. District Court Judge