UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HAROLD EUGENE NERO,<br><br>Defendant. | Case No. 1:19-cr-00094-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Harold Nero's Request and Motion for Discovery of *Henthorn* and *Cadet* Materials. Dkt. 43. The Court issued an order granting Nero's motion in part and ordering the Government to produce for the Court's *in camera* review the complete personnel files for Special Agent Jonathan Riggs, Detective Chad Hessman, and Detective Ryan Bonner. Dkt. 66. The Court has conducted the *in camera* review. For the reasons set forth below, the Court will deny Nero's motion for an order to produce the personnel files.

## LEGAL STANDARD

A defendant has the right to the production of exculpatory evidence in the government's possession. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). That right requires the government to turn over any information about its witnesses that would cast doubt upon their credibility. *See Giglio v. United States*, 405 U.S. 150, 154

(1972). The prosecution does not have a duty to disclose "every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality." *United States v. Cadet*, 727 F.2d 1453, 1467 (9th Cir. 1984). The test for materiality is whether the suppressed evidence "creates a reasonable doubt that did not otherwise exist." *Id.*

## ANALYSIS

After *in camera* review of the personnel files, the Court concludes these files contain no evidence that the government needed to disclose to the defendant under *Brady* or *Cadet*.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Request and Motion for Discovery of *Henthorn* and *Cadet* Materials (Dkt. 43) is **DENIED**.

2. The City of Nampa and the Nampa Police Department are ordered to provide to the Court a copy of Detective Ryan Bonner's personnel file where it will be held under seal pending appellate review. If the City's or the Police Department's regulations preclude such copying, the Government will ensure that a copy – in the same form it was submitted to the Court for in camera review – is maintained by the City or the Police Department and available for appellate review.

3. The City of Caldwell and the Caldwell Police Department are ordered to provide to the Court a copy of Detective Chad Hessman's personnel file where it will be held under seal pending appellate review. If the City's or the Police Department's regulations preclude such copying, the Government will ensure that a copy – in the same form it was submitted to the Court for in camera review – is maintained by the City or the Police Department and available for appellate review.

4. The Federal Bureau of Investigation is ordered to provide to the Court a copy of Special Agent Jonathan Riggs' personnel file where it will be held under seal pending appellate review. If the Bureau's regulations preclude such copying, the Government will ensure that a copy – in the same form it was submitted to the Court for in camera review – is maintained by the Bureau and available for appellate review.

DATED: September 2, 2020

_____
B. Lynn Winmill
U.S. District Court Judge